UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN CHARNOT, | ) | |
| | ) | No. 17 CR 809-1 |
| Defendant, | ) | |
| | ) | Judge Alonso |
| and | ) | |
| | ) | |
| AVENUE LOGISTICS, LLC., | ) | |
| | ) | |
| Third-Party Respondent. | ) | |

## MOTION OF THE UNITED STATES FOR TURNOVER ORDER

The United States of America, by Morris Pasqual, United States Attorney for the Northern District of Illinois, moves for a turnover order and in support states as follows:

1.      The court entered a restitution judgment against defendant Bryan Charnot on May 16, 2018.  Charnot  has not made a payment since November 19, 2024, and the judgment balance is $680,634.26 as of March 14, 2025.

2.      The United States may use any federal or state procedure to enforce the judgment. 18 U.S.C. §§ 3613(a) and (f).  A citation to discover assets directed to the respondent, Avenue Logistics , LLC., was issued on October 21, 2024, and January 27, 2025, and Charnot was served

3.      Third-party citation respondent Avenue Logistics, LLC. answered the citation on January 29, 2025.  A copy of the answer is attached as Exhibit A.  Charnot was served with a copy of the answer by Avenue Logistics, LLC., as reflected in paragraph 9 of the answer.  Avenue Logistics, LLC. stated in its answer that it had in its possession or under its control earnings belonging to Charnot at the time the citation was served.  Based on Avenue Logistics, LLC.'s

answer, the United States is entitled to 25% of Charnot's disposable earnings, less any child support or court-ordered deduction, for each pay period since the citation was served and continuing each pay period until the debt is paid in full, or until Avenue Logistics, LLC. no longer has custody, possession, or control of any disposable earnings belonging to Charnot, or until further order of this court. 18 U.S.C. § 3613(a); 28 U.S.C. § 3205(c)(7).

4.    The Clerk of the Court collects all payments on monetary penalties imposed in criminal cases; accordingly, all payments should have "17 CR 809-1" written in the lower left corner of the check and be submitted to:  Clerk of the Court; U.S. District Court, Northern District of Illinois; 219 South Dearborn Street, 20th Floor; Chicago, Illinois 60604.

5.    The United States has provided all notices required by law.

WHEREFORE, the United States requests entry of a turnover order directing Avenue Logistics, LLC. to submit to the Clerk of the Court 25% of Charnot's disposable earnings, less any child support or prior court-ordered deduction, for each pay period since the citation was served and continuing each pay period until the debt is paid in full or until Avenue Logistics, LLC. no longer has custody, possession, or control of any disposable earnings belonging to Charnot, or until further order of this court.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Scott D. Heffron
    SCOTT D. HEFFRON
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    312-886-4190
    scott.heffron@usdoj.gov

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America          )
         )
         )
         )
v.          )
         )
Bryan P Charnot,          )    No. 17 CR 809-1
         )
Defendant,          )
         )    Judge Alonso
and          )
         )
Avenue Logistics, LLC.,          )
         )
Third-Party Citation Respondent.          )

## ANSWER OF THIRD-PARTY CITATION RESPONDENT

I, _____Scott Carlson_____, the ___Vice President___ of Respondent, ___Avenue Logistics, LLC___,
      (name)             (title)
state under penalty of perjury as follows:

Respondent is a ___LLC - Partnership___ organized under the laws of the State of___Delaware___.
      (sole proprietorship, partnership, corporation, government agency)

On ___January 27, 2025___ Respondent was served with the Third Party Citation to Discover Assets. With respect to defendant, Bryan P Charnot, on the day Respondent was served with the Citation, Respondent had in its possession or control the following property of Defendant:

1.     Respondent ___Employed___ Defendant.
            (Employs - Employed - Never Employed)

If no longer employed, the last day of employment was: ___n/a___.
State defendant's current employer, if known: ___n/a___.

2.     Defendant's pay period is: ___weekly, ___bi-weekly, _X_ semi-monthly, ____monthly.

     Enter date present pay period began___1/27/25___ and date it ends___1/31/25___.
     (Present means the pay period in which the Citation was served).

3.     Calculate wages subject to garnishment:
     (A) Gross wages (minus mandatory contributions to pension/retirement plans)    (A)$___2708.33___
     (B) Enter Total FICA, State and Federal Tax, and Medicare    (B)$___503.02___
     (C) Disposable Earnings (Net): Subtract Line (B) from Line (A)    (C)$___2205.31___
     (D) Enter Twenty Five Percent (25%) of Line (C)    (D)$___551.33___

Please return to: United States Attorney's Office, Financial Litigation Unit, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604

(E) Enter Ten Percent (10%) of Line (C)  (E)$ __220.53__

(F) % of Gross (Divide Line E by Line A)  (F)$ __8.1%__

(G) Current Federal minimum wage per pay period ($7.25 per hour).

    Using the applicable pay period, enter the appropriate amount:

    (G)$ __487.50__

    If Defendant is paid every week or less, enter 30 times the minimum wage or $ 217.50

    If Defendant is paid every two weeks, enter 60 times the minimum wage or $435.00

    If Defendant is paid semi-monthly, enter 65 times minimum wage or $487.50

    If Defendant is paid monthly, enter 130 time minimum wage or $942.50

(H) Subtract Line G from Line C  (H)$ __1717.81__

(I) Enter Line D or Line H, whichever is smaller  (I)$ __551.38__

    (If the smaller amount is zero or less, do not withhold any wages this pay period).

(J) Enter child support or other court ordered deduction  (J)$ __0.00__

(K) Subtract Line J from Line I.  (K)$ __551.38__

**LINE K IS THE AMOUNT TO BE WITHHELD FROM EMPLOYEE'S PAYCHECK FROM THE DATE OF SERVICE OF THE CITATION AND NOT DISBURSED UNTIL FURTHER ORDER OF COURT.**

4.    Are there prior garnishments or other court-ordered withholdings which are presently in effect including, but not limited to, child support and alimony?

    Yes ____ No __X__

    If the answer is yes, describe below and attach a copy of the garnishment order.

    _____na/_____.

5.    Besides wages, does Respondent have custody, control or possession of any property now owed or to be paid in the future, in which Defendant has an interest, including but not limited to, a pension or 401(k), bonus, vacation pay, sick pay, or reimbursement of expenses?

    Yes __X__ No ____

    If yes, please describe below (continue on additional sheets if necessary):
Defendant is bonus eligible. Bonus payment(s) schedule is quarterly. Bonuses amounts are variable and not guaranteed; typically up to $3000 per quarter.

6.    If Defendant has or had a pension or 401(k), please state whether Defendant continues to be entitled to benefits (answer yes or no) and identify the name, address, telephone number and e-mail address of the third-party administrator or trustee.

    Yes __X__ No ____

Please return to: United States Attorney's Office, Financial Litigation Unit, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604

If yes, please describe below (continue on additional sheets if necessary):

Lincoln Financial: Lincoln Retirement Services Company LLC - P.O. Box 7876  Fort Wayne, IN 46802-3425  800-234-3500

7.    If you deny that you hold property subject to the judgment of the United States, check one of the following statements:

___ Respondent believes the following claim of exemption/election of exemption applies: _____

___ Respondent has the following objections, defenses, or set-offs to the United States' right to attached and garnish Respondent's indebtedness to Defendant: _____

___On the date Respondent was served with the Citation, Respondent was not indebted or under liability to Defendant, and/or Respondent did not have in his/her/its possession or control any wages, income or other property belonging to Defendant, or in which Defendant has an interest and it not liable as a Respondent in this action.

8.    The original Answer must be delivered in person or sent by first-class mail to the United States Attorney's Office, Financial Litigation Unit, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604.

9.    Respondent mailed a copy of this Answer by first-class mail to:

(A) Defendant, Bryan P Charnot, at _138 Loblolly Ct.  Newington, GA 30446_____ .

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed this __1__ of __January__, 20 _25_ .
         Day       Month

_____
(Please sign name)

Scott Carlson
_____
(Please print name)

773-945-0971
_____
Telephone Number

Please return to: United States Attorney's Office, Financial Litigation Unit, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604